UNITED STATES DISTRICT COURT RECEIVED CLERK'S OFFICE
DISTRICT OF SOUTH CAROLINA

2007 DEC 10 P 3: 18

| | |
|---|---|
| Thomas Louis Davis, #16672, | ) C/A No. 9:07-3621-GRA-GCK |
| | ) DISTRICT OF SOUTH CAROLINA |
| Petitioner, | ) CHARLESTON, SC |
| | ) REPORT AND |
| vs. | ) RECOMMENDATION |
| | ) |
| State of South Carolina; and Phillip Foote, | ) |
| | ) |
| Respondents. | ) |

The petitioner, Thomas Lois Davis ("Petitioner"), proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner is a pretrial detainee at the Beaufort County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915.[1] As grounds for habeas relief, the petition claims Petitioner was denied Due Process, denied access to the courts, falsely arrested, falsely imprisoned and illegally detained in violation of his constitutional rights. Petitioner files an additional "petition" that essentially claims his innocence of state pending criminal charges. Both petitions should be dismissed based on this Court's abstention from interfering in pending state criminal proceedings.



## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner files a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The law is settled that the civil rights statute, 42 U.S.C. § 1983, "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499. The habeas petition in this case raises both types of issues. The Petitioner may not pursue a civil rights action in an application for a writ of habeas corpus. Any civil rights issues concerning prison conditions raised by the Petitioner must be brought in a separate

2

civil rights action.[2]

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction under 28 U.S.C. § 2254. However, petitions for federal habeas corpus relief filed by *pretrial* detainees can be brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (*quoting Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1996). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Id.*

The petition for federal habeas relief in this case states the grounds for habeas relief as denial of Due Process, denial of access to the courts, false arrest, false imprisonment and illegal detention in violation of the 4th, 5th, 6th, 8th and 14th Amendments. Petitioner claims denial of due process based on the state court's refusal to file his state habeas corpus petitions. Petitioner claims denial of access to the courts based on interference with outgoing mail and failure to deliver incoming mail, which caused him to miss a Court deadline. Petitioner's third ground for false arrest, false imprisonment and illegal detention are based on alleged evidence the crime charged was not committed. Petitioner's fourth ground claims prosecutorial misconduct, denial of a fair trial and denial of a speedy trial. In addition to the petition for writ of habeas corpus, Petitioner files a document titled "Petition for Acquittal by Standard Review"[document # 11], "the purpose of which is to seal and destroy the arrest and prosecution records of the alleged crimes for which the Petitioner was accused." This "petition" is basically an argument for the Petitioner's innocence and essentially a

---

[2] Petitioner may obtain forms for filing a civil rights action from the U.S. District Court Office of the Clerk of Court.

request to obtain Petitioner's release from custody. The "petition" should be considered an amended petition for habeas relief, and denied for the same reasons as the original writ of habeas corpus petition, as discussed herein.

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Both petitions filed by Petitioner indicate that charges are still pending against Petitioner in state court. Clearly an ongoing state criminal proceeding exists, meeting the first criteria. The second criteria has been addressed by the Supreme Court statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criteria in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996)

4

(*quoting Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). The facts presented in this case do not indicate the "extraordinary circumstances" required for a federal court to equitably interfere in an ongoing state court criminal proceeding.

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson v. Louisiana*, 816 F.2d at 224-26; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While the phrase "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore v. DeYoung*, 515 F.2d at 449.



Ground one of the petition claims denial of due process based on the failure to file a habeas petition in state court. The petition asks as relief that this federal court compel the state court's clerk of court to file Petitioner's state habeas petition. The requested relief is not a habeas remedy and thus is not available through this habeas action. Ground two of the petition claims denial of access to the courts based on interference with Petitioner's mail, which is not a ground for habeas relief, but an alleged violation of Petitioner's civil rights based on prison conditions. Ground three of the petition claims false arrest, false imprisonment and illegal detention based on alleged evidence of

Petitioner's innocence of the crimes charged. Petitioner is involved in an ongoing criminal proceeding in which he can present any evidence of his innocence. The state has an important interest in "administering their criminal justice systems free from federal interference." *Kelly v. Robinson*, 479 U.S. at 49. Additionally, Petitioner's affidavit attached to the habeas petition indicates a preliminary hearing was conducted. The preliminary hearing establishes that probable cause existed to continue detention of the Petitioner in compliance with the Fourth Amendment prohibition against unreasonable seizure. Ground four of the petition claims prosecutorial misconduct, which can be brought to the attention of the state court; "unfair trial" although apparently no trial has occurred; and denial of a speedy trial. In *Moore v. DeYoung*, 515 F.2d at 443, the court concluded that the federal court should abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on direct appeal. *See generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson v. Louisiana*, 816 F.2d at 226-27.

Petitioner can pursue his claims in state court both during and after trial, so he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger v. Harris*, 401 U.S. at 43-44. Petitioner is therefore precluded from federal habeas relief at this time, and his Petition for Writ of Habeas Corpus and "Petition for Acquittal by Standard Review" should be dismissed.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the petition *without prejudice* and without requiring the respondents to file an answer.

It is further recommended that the "Petition for Acquittal by Standard Review" filed as a

motion on the docket at entry number 11, be dismissed.

**The petitioner's attention is directed to the important notice on the next page.**

George C. Kosko
United States Magistrate Judge

December 10, 2007
Charleston, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).