UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Thomas Louis Davis, #16672 | ) | C/A No.: 9:07-cv-03621-GRA-GCK |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| State of South Carolina; | ) | |
| and Phillip Foote, | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.  Petitioner filed this action on November 7, 2007, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  The magistrate judge issued his Report and Recommendation on December 10, 2007, and recommended that this petition be dismissed without prejudice and without issuance and service of process upon Respondent.  For the following reasons, the Court accepts the recommendation of the magistrate.

Petitioner is proceeding *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow

1

for the development of a potentially meritorious claim.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); see *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

2

Petitioner filed objections on December 17, 2007.  Petitioner also filed supplemental objections on December 28, 2007.

The Petitioner does not state any specific objection to the magistrate's Report and Recommendation.  Instead, reargues the merits of his petition for habeas relief.  These issues were correctly addressed by the magistrate, and this Court will not address the issues a second time.  Therefore, the objections lack the specificity to trigger *de novo* review and will not be addressed.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the petition for habeas relief be DISMISSED *without prejudice*.

IT IS FURTHER ORDERED THAT all other outstanding motions be DISMISSED as moot.

**IT IS SO ORDERED**.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January  14 , 2008

**[Notice of Right to Appeal on Following Page]**

3

## <u>NOTICE OF RIGHT TO APPEAL</u>

Petitioner has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.